631 S.E.2d 537

**In the Matter of Carter D. HARRINGTON, Respondent.**

No. 26162.

Supreme Court of South Carolina.

Submitted May 15, 2006.

Decided June 12, 2006.

Henry B. Richardson, Jr., Disciplinary Counsel, and C. Tex Davis, Jr., Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Carter D. Harrington, of Gainesville, FL, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to an admonition, public reprimand, or sixty (60) day suspension from the practice of law. *See* Rule 7(b), RLDE, Rule 413, SCACR. Respondent further agrees that, if suspended from the practice of law, he must appear before the Committee on Character and Fitness as a condition of reinstatement. We accept the Agreement and definitely suspend respondent from the practice of law in this state for a sixty (60) day period. The facts, as set forth in the Agreement, are as follows.

## FACTS

Around January 2004, respondent was retained to represent a client on a pending driving under the influence (DUI) charge. Respondent informed the client that his fee would be $5,000. Due to the client's financial situation, respondent allowed the client to make regular payments towards the retainer.

Between January 3 and June 8, 2004, the client made payments totaling $2,270, including a payment of $200 on April

19, 2004, and a payment of $170 on June 8, 2004. Respondent's license to practice law in this state was suspended by order of the Court dated April 9, 2004 for failure to pay his 2004 license fees. Respondent admits his acceptance of fees while under suspension constituted the unauthorized practice of law.

In or about August 2004, respondent's wife informed the client that respondent was relocating his practice. The client was not provided with a current address or telephone number and had no way to contact respondent.

By letter dated January 13, 2005, ODC notified respondent of the complaint in this matter. The letter requested a response within fifteen (15) days. Respondent failed to respond or otherwise communicate with ODC in response to the January 13, 2005 letter. On March 29, 2005, ODC sent an additional letter to respondent pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting a response from respondent. Respondent failed to respond.

Respondent represents that, during the time period addressed by the Agreement, he suffered significant medical problems, including a stroke and resulting partial paralysis. Respondent required constant medical attention resulting in frequent in-patient and out-patient care. Financial hardships contributed to his inability to provide effective legal representation to his clients.

As a result of his health and subsequent relocation outside South Carolina to seek medical rehabilitation, respondent arranged to have his client files delivered to the office of another attorney.[1] Respondent failed to notify his clients of the transfer of their files. Respondent now understands it was not permissible to release client files to another attorney without the client's prior knowledge and consent.

Respondent acknowledges that his medical condition is not so severe as to render him unable to assist in his own defense in this matter or make an informed decision as to whether to enter into the Agreement, but agrees that his condition currently renders him unfit to practice law. Respondent has

---

1. Respondent represents his trust account is in good order and that no client funds have been compromised.

expressed remorse for his conduct and represents he will strive to ensure that this situation does not recur.

ODC agrees respondent has been forthright and cooperative throughout its investigation.

## LAW

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.3 (lawyer shall act with diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter); Rule 8.1 (lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); and Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct). Respondent further admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers).

## CONCLUSION

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law for a sixty (60) day period. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR. As a condition of seeking reinstatement under Rule 32, RLDE, respondent must appear before the Committee on Character and Fitness for the purpose of determining whether his health is such that he is capable of resuming the practice of law.[2]

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

**2.** The request to appoint an attorney to protect respondent's clients' interests is denied.